# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON HOPE, *et al.*,<br>    Petitioners-Plaintiffs, | : <br> : <br> : <br> : | 1:20-cv-562 |
| v. | : <br> : | Hon. John E. Jones III |
| CLAIR DOLL, *in his official capacity as Warden of York County Prison, et al.*,<br>    Respondents-Defendants. | : <br> : <br> : <br> : <br> : | |

## **ORDER**

## **April 10, 2020**

Before the Court for resolution is the Respondents' Motion to Reconsider and Stay Temporary Restraining Order ("the Motion") (Doc. 12) filed on April 7, 2020. On April 7, 2020, we issued an Order (Doc. 13) staying the TRO issued by us earlier that day.[1] We have received the Petitioners' brief in opposition to the Motion to Reconsider and the Respondents' reply. (Docs. 15 and 17). This matter is therefore ripe for our review. For the reasons that follow, we shall deny the Motion, lift the stay imposed on our April 7, 2020 TRO and order that the Petitioners[2] be released forthwith.

---

[1] The TRO ordered Respondents to immediately release Petitioners from detention and ordered Petitioners to self-quarantine in their homes for a period of 14 days. (Doc. 11).

[2] Since the filing of this matter, Petitioners Duc Viet Lam and Iwan Rahardja have been released from ICE custody. Therefore, this matter is moot as to these Petitioners and they shall be terminated as parties to this action.

1

## I. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence, *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), and, as such, "motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to present a new legal theory for the first time, to raise new arguments that could have been made in support of the original motion, *see Vaidya v. Xerox Corp.*, No. CIV.A.97-547, 1997 WL 732464, at *2 (E.D. Pa. 1997), and should not ask the court to rethink a decision that it has already made. *Tobin v. GE*, No. Civ. A. 95-4003, 1998 WL 31875, at *2 (E.D. Pa. 1998). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

With this exacting standard in mind, we turn to an analysis of the Respondents' Motion.

## II.     DISCUSSION

In support of their reconsideration request, the Respondents rely on a newly supplied affidavit of Joseph Dunn, Assistant Field Office Director (AFOD) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE).  (Doc. 12, Ex. 1).  Within his affidavit, AFOD Dunn advises of various protocols being undertaken at Pike and York County Correctional Facilities to prevent the spread of COVID-19.[3]  Respondents submit that the new evidence, in the form of AFOD Dunn's affidavit, makes it clear that the Petitioners' constitutional rights are not being violated by the conditions inside the institutions.  Respondents argue, therefore, that Petitioners cannot and have not established a likelihood of success on the merits of their claims.  Additionally, within his affidavit AFOD Dunn supplies the criminal histories of the Petitioners, and Respondents argue that the public interest is not served by releasing the Petitioners into the community.

Taking the latter point first, the Court respects the Respondents' position that certain Petitioners pose a flight risk or danger to the community.  However, it is the Court's view that attaching conditions to the Petitioners' release, which we shall do herein, quells that concern.  We simply cannot find, in the face of the

---

[3] It is well to note that AFOD Dunn drafted his affidavit relying exclusively upon the assurances of others.  We have no indication that he has personally visited these facilities in the course of preparing his affidavit.

scope of the COVID-19 pandemic that is washing through this country and the subject facilities, that the public interest favors continued detention of civil immigration detainees with underlying health conditions that render them particularly vulnerable were they to contract COVID-19.

Further, we are unmoved by AFOD Dunn's assertions that the facilities are equipped to stop the spread of COVID-19.[4]  While they may have ramped up their sanitation protocols, the simple fact that inmates are incapable of social distancing in the facilities remains.  The conditions at the facilities as faced by these Petitioners continue to represent a threat to their constitutional rights.

Accordingly, based on the foregoing, the Respondents' Motion shall be denied and the stay previously placed on the TRO shall be lifted.  In the Order that follows, we shall include additional conditions relative to the Petitioners' release, in an attempt to allay some of the Respondents' fears concerning risk of flight and danger to the community. Nothing herein prevents us from imposing different or additional conditions in the future, should this TRO be extended or converted into a preliminary injunction.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Respondents' Motion to Reconsider (Doc. 12) is **DENIED**.

---

[4] As the parties are aware, inmates at both institutions are infected with COVID-19, and two female inmates at Pike have died of COVID-19 in recent days.

2. The stay imposed (Doc. 13) on the TRO of April 7, 2020 is **LIFTED** and Respondents, and the York County Prison and Pike County Correctional Facility, **SHALL IMMEDIATELY RELEASE** the Petitioners **TODAY**. The said release period shall extend until such time as the COVID-19 state of emergency as declared by the Governor of the Commonwealth of Pennsylvania is lifted, or by further Order of this Court.

3. Petitioners will **SELF-QUARANTINE** in their respective homes for **FOURTEEN (14) DAYS** from the date of release.

4. The following conditions shall attach to this Order of the Petitioners' release:

    a. This Order expires immediately if a Petitioner absconds;

    b. This Order requires Petitioners to comply with all Executive Orders of the Governor of Pennsylvania, as well as national, state, and local guidance regarding staying at home, sheltering in place, and social distancing;

    c. This Order does not prevent the government from taking Petitioners back into custody should they commit any further crimes or otherwise violate the terms of their release;

    d. The Petitioners shall report their whereabouts once per week to

    their attorneys, who in turn shall report to the Respondents if a Petitioner has absconded;

e. The Petitioners must appear at all hearings pertaining to their removal proceedings, and in the event that they are subject to a final order of deportation for which arrangements have been finalized within the period of this Order, they shall fully comply with the said order of deportation and all instructions pertaining thereto; and

f. Respondents may impose other reasonable nonconfinement terms of supervision that would not require Petitioners to violate national, state and local guidance regarding staying at home, sheltering in place, and social distancing.

5. As referenced in our April 7, 2020 Order, the TRO expires on April 20, 2020 at 5:00 p.m.

                                              <u>s/ John E. Jones III</u>
                                              John E. Jones III
                                              United States District Judge